IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT KEITH BYRAM**            CIVIL ACTION NO. 1:23cv170 HSO-BWR
    **PLAINTIFF**

**VERSUS**

**GULF COAST PRE-STRESS PARTNERS, LTD AND**
**KENNETH BOGGS**
    **DEFENDANTS**

## COMPLAINT

COMES NOW the Plaintiff, Robert Byram, by and through his attorney of record, Eric Hessler, and files this his Complaint against Defendants Gulf Coast Partners LTD. and Kenneth Boggs, and for their causes of action would show unto the Court the following:

### PARTIES

1. Robert Keith Byram, is an adult resident citizen of the State of Louisiana and resides in Orleans, Louisiana.

2. Defendant, Gulf Coast Pre-Stress Partners, LTD., is a foreign business, with a physical address of, Suite No. 3920, 700 Louisiana Street, Houston, TX 77002 and agent for service of process of Corporation Service Company, 109 Executive Drive, Suite 3, Madison, MS. 39110, the sole partners of the defendant is a Texas domically, Gulf Coast Pre-Stress Inc.

3. Defendant, Kenneth Boggs, is an adult resident citizen of State of Mississippi and resides in Gulfport, Mississippi.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because this is a tort action and because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. The parties have diversity of citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because substantial events and omissions giving rise to this action occurred in the Southern District of Mississippi, Southern Division.

## COMMON ALLEGATIONS

6. On July 15, 2020, at approximately 3:05 p.m., Robert Byram was a passenger in a motor vehicle eastbound being driven by Kelly Bergeron on Interstate 10 Mile post 18.123, at a speed and in a manner in accordance with the law and the traffic conditions present.

7. At that time and place, Kenneth Boggs was operating an 18-wheeler truck owned by Gulf Coast Pre-Stress. At the time of the crash, Kenneth Boggs was acting in the scope of employment for Gulf Coast Pre-Stress.

8. At that time and place, Keith Boggs was traveling in the left lane heading east bound behind Mr. Byram.

9. Contrary to the rules of the road, and in violation of his duty to exercise due care, Boggs rearended a vehicle driven by Kelly Bergeron causing Bergeron's vehicle to be catapulted into the rear of the vehicle that Byram was a passenger.

10. Due to the forceful impact caused by Boggs, Byram was caused to suffer bodily injuries.

## COUNT I. - NEGLIGENCE

11. Byram incorporates and realleges all previous paragraphs set out herein.

12. Boggs was negligent in the operation of his 18-wheeler truck in the following respects:

1. failed to keep a proper lookout for others then and there using the roadway;

2. failed to see and observe what was clear to see, namely Byram's car which had the right-of-way in the eastbound lane;

3. failed to keep the 18-wheeler truck under control;

4. failed to see what reasonably should have been seen;

5. failed to drive the 18-wheeler in a safe and reasonable manner;

6. failed to drive with due regard for the safety of others;

7. failed to pay attention to circumstances around him;

8. contrary to MCA § 63-3-505, failed to operate the 18-wheeler at a reasonable rate of speed having due regard for the conditions present and the condition of the vehicle he was operating;

9. contrary to MCA § 63-3-1213, drove in a careless and imprudent manner without due regard for traffic and all other attendant circumstances;

10. contrary to MCA § 63-3-505, failed to stop, slow, swerve or otherwise maneuver the 18-wheeler so as to avoid colliding with a preceding vehicle;

11. pursuant to MCA § 63-3-1201, drove the 18-wheeler truck in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property;

12. failed to slow or otherwise maneuver the 18-wheeler truck so as to avoid colliding with the motor vehicle being operated by Bergeron;

13. operated the 18-wheeler truck when it was not safely equipped with proper brakes and tires;

13. operated a commercial vehicle when he was not physically capable of safe operation, including having proper visual acuity.

14. As a direct and proximate result of the negligence of Boggs, Byram was caused to suffer serious, permanent, painful and disabling injuries to his body which resulted in the following damages to Byram and also totaled his car:

    1. medical and drug expenses to date;

    2. pain, suffering and mental anguish to date;

    3. non-permanent injuries, pain, suffering and mental anguish to date;

    4. pain, suffering and mental anguish for the remainder of his life;

    5. present and future mental and psychological damages;

    6. future medical and drug expenses;

    7. permanent disability and disfigurement;

    8. loss of enjoyment in life and quality of life;

    9. loss of time and earnings from his job as a veterinarian;

    10. loss of future wage earning capacity;

    11. aggravation of pre-existing injury, illness or disease; and

    12. all damages allowed by law.

WHEREFORE, Byram demands judgment against the Defendants for an amount of compensatory and special damages to be determined by a jury of his peers. Byram also seeks all costs of Court, pre-judgment interest after demand, post-judgment interest and all other relief allowed by law.

## COUNT II. - NEGLIGENCE *PER SE*

15. Carley incorporates and realleges all previous paragraphs set out herein.

16. Defendants are liable to Byram for negligence per se because he:

    1. Failed to keep a proper lookout for others;

    2. contrary to MCA§ 63-3-1213, drove in a careless and imprudent manner without due regard for traffic and all other attendant circumstances;

    3. contrary to MCA § 63-3-505, failed to stop, slow, swerve or otherwise maneuver the 18-wheeler so as to avoid colliding with the car driven by Bergeron.
    so close as to constitute an immediate hazard;

    4. violated MCA § 63-3-1201, by driving his 18-wheeler truck in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property;

17. Bogg's failure in this regard constitutes negligence per se and conscious disregard for the safety of others subjecting him to punitive damages to deter such conduct in future by himself or others.

18. As a direct and proximate result of the negligence per se Boggs was caused to suffer serious and painful injuries to his body which resulted in the following damages:

    1. Pain, suffering and mental anguish;

    2. Loss of enjoyment in life and quality of life;

    3. Loss of time and earnings;

    4. Loss of wage earning capacity;

    5. All other damages allowed by law.

## COUNT III. - GROSS NEGLIGENCE AND RECKLESSNESS

19. Byram incorporates and realleges all previous paragraphs set out herein.

20. Boggs was reckless and grossly negligent in the operation of his vehicle in the following respects:

1. contrary to MCA § 63-3-1213, drove the 18-wheeler in a reckless and grossly negligent manner without due regard for traffic and all other attendant circumstances;

2. contrary to MCA § 63-3-505, recklessly failed to stop, slow, swerve or otherwise maneuver the 18-wheeler so as to avoid colliding with the motor vehicle driven by Bergeron;

3. pursuant to MCA § 63-3-1201, drove the 18-wheeler in such a manner as to indicate either s willful or a wanton disregard for the safety of persons or property;

4. operated the 18-wheeler when he was not physically or emotionally capable of safe operation, including having proper visual acuity;

5. failed to slow or otherwise maneuver the 18-wheeler so as to avoid colliding with Bergeron's vehicle;

6. operated the 18-wheeler when it was not safely equipped with proper brakes and tires;

7. violated other unspecific rules, regulations and status;

8. pursuant to MCA § 63-3-1201, drove 18-wheeler in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property;

21. As a direct and proximate result of the gross negligence of Boggs, Byram experienced conscious pain and suffering.

WHEREFORE, Byram demands judgment against Boggs and Gulf Coast Pre-Stress for an amount of punitive damages to be determined by a jury of his peers. Byram also seeks all costs of Court, pre-judgment interest after demand, post-judgment interest and all other relief according to law.

### COUNT IV. – NEGLIGENT HIRING, NEGLIGENT TRAINING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION, AND IMPROPER VEHICLE MAINTENANCE

22. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

23. 49 C.F.R. 392.1-2 of the Driving of Commercial Motor Vehicles provided in substance as follows:

    Every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the rules in [49 CFR § 392.1 - § 392.82] 49 CFR § 392.1(a).

    Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with 49 CFR § 392.2.

24. Defendant Gulf Coast Pre-Stress had a duty to act reasonably in hiring, retaining, training and/or supervising Boggs, and to promulgate and enforce rules and regulations to ensure

their drivers and vehicles are reasonably safe. Defendant, Gulf Coast Pre-Stress has a duty to reasonably and properly maintain and inspect their vehicles.

25. Gulf Coast Pre-Stress failed and breached the above-mentioned duties and were therefore negligent.

26. Gulf Coast Pre-Stress violated and permitted Boggs to violate state statutes and federal statutes and regulations, including but not limited to 49 C.F.R. § 392 & 395. Gulf Coast Pre-Stress further failed to inspect and maintain the truck in violation of state and federal law.

27. Gulf Coast Pre-Stress's statutory violations and breach of duties owed directly and proximately caused Byram's damages and injuries.

## **COUNT V. – NEGLIGENT AND/OR FROM ENTRUSTMENT**

28. Byram incorporates and realleges all previous paragraphs set out herein.

29. Gulf Coast Pre-Stress was negligent in their entrustment of the operation of the 18-wheeler truck in their employee, Boggs. Such negligence caused Boggs to:

    a. fail to keep a proper lookout for others then and there using the roadway;

    b. fail to keep the 18-wheeler truck under control;

    c. fail to yield the right-of-way;

    d. contrary to MCA § 63-3-1213, drive in a careless and imprudent manner without due regard for traffic and all other attendant circumstance;

    e. fail to slow or otherwise maneuver the 18-wheeler truck so as to avoid colliding with the vehicle being operated by Bergeron; and

    f. violate other unspecified rules, regulations and statues.

30. As a direct and proximate result of the negligent entrustment of Gulf Coast Pre-Stress of their 18-wheeler truck to Boggs, Byram was caused to suffer serious, permanent, painful and disabling injuries to his body which resulted in the following damages to Byram:

    a. medical and drug expenses to date;

    b. pain, suffering and mental anguish to date;

    c. non-permanent injuries, pain, suffering and mental anguish to date;

    d. pain, suffering and mental anguish for the remainder of his life;

    e. present and future mental and psychological injuries;

    f. future medical and drug expenses;

    g. permanent disability and disfigurement;

    h. loss of enjoyment in life and quality of life;

    i. loss of time and earnings;

    j. loss of future wage earning capacity;

    k. aggravation of pre-existing injury, illness or disease; and

    l. all damages allowed by law.

## COUNT VI. – RESPONDEAT SUPERIOR

31. Byram incorporates and re-alleges all previous paragraphs set out herein.

32. At the time of the collision incident described herein, Gulf Coast Pre-Stress's employee was acting within the course and scope of his employment with Gulf Coast Pre-Stress.

33. Any and all negligent acts or omissions of any employee of Gulf Coast Pre-Stress are directly imputed to Gulf Coast Pre-Stress. Gulf Coast Pre-Stress is responsible for the

injuries and damages resulting from its employee's negligent acts and/or omissions under the doctrine of vicarious liability and respondeat superior. Upon information and belief, Boggs was an employee or under contract of hire with Gulf Coast Pre-Stress and was acting within the course and scope of his employment on behalf of Gulf Coast Prfe-Stress.

## DAMAGES & PRAYER FOR RELIEF

WHEREFORE, Byram demands judgment against the Defendants, jointly and severally, for an amount of punitive damages to be determined by a jury of his peers. Byram also seeks all costs of Court, pre-judgment interest after demand, post-judgment interest and all other relief according to law.

Respectfully submitted this 13th day of July 2023.

/s/ **Eric J. Hessler**
Eric J. Hessler, MS BAR # 102149
Attorney for Plaintiff

SUBMITTED BY:
ERIC J. HESSLER
MS Bar No. 102149
320 N. Carrollton Avenue #202
New Orleans, Louisiana 70118
Telephone: 504-301-9913
Facsimile: 504-942-2450
Email: hessler.law@gmail.com
Attorney for Plaintiff